# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MADELYN N. BERARDI,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-750-Orl-31KRS**

**STATE OF FLORIDA WORKMAN'S COMPENSATION,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On May 18, 2005, Madelyn N. Berardi, appearing *pro se*, filed a complaint against the State of Florida Workman's Compensation (SFWC), doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. Pursuant to 28 U.S.C. § 1915(e), the Court is required to consider whether Berardi's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

### I.    STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B)(ii). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the

Federal Rules require only that the complaint contain 'a short statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)) (alteration in orginal).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards).

## II. ANALYSIS.

In her complaint Berardi fails to allege any violation of a federal right. Berardi simply lists several sections of the Florida Statutes and appears to allege that the SFWC violated these provisions. Simply put, Berardi fails to set forth any cognizable claim for relief which would fall within the jurisdiction of this Court.

Accordingly, I recommend that the Court dismiss the complaint, and deny the motion to proceed *in forma pauperis*. I further recommend that the Court give Berardi leave to file an amended complaint within (11) eleven days following the Court's order dismissing the complaint.

In amending her complaint, Berardi must name as defendants only those persons who are responsible for the alleged constitutional or statutory violations. In addition, Berardi shall provide the full name and current address for each defendant. Berardi must state what rights under the

Constitution, laws, or treaties of the United States have been violated. It is improper for Berardi to merely list constitutional rights or federal rights. She must provide a statement of facts in support of the claimed violations.

### III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint be dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and that the pending motion (doc. no. 2) be denied as moot. I further recommend that the Court permit Berardi to file an amended complaint within (11) eleven days after its ruling on this Report and Recommendation, and that Berardi be permitted to renew her motion to proceed without prepayment of fees if an amended complaint is filed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 19, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy